UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MENDEZ, | ) 1:13-cv-00914 GSA HC |
|        Petitioner, | ) ORDER DISMISSING PETITION FOR WRIT OF |
| v. | ) HABEAS CORPUS AND GRANTING |
|  | ) PETITIONER LEAVE TO FILE AMENDED |
|  | ) PETITION |
| JAMES D. HARTLEY, Warden, | ) [THIRTY DAY DEADLINE] |
|        Respondent. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On June 17, 2013, Petitioner filed the instant habeas petition challenging his 1994 conviction sustained in Tulare County Superior Court for kidnaping, rape and forcible oral copulation.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus,

1

either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

In this case, Petitioner presents the following three claims: (1) He claims the state court decisions denying his motion under Cal. Penal Code § 1405(a) for DNA testing in order to establish his innocence was based on an unreasonable determination of the facts in light of the evidence presented; (2) He claims the evidence was insufficient to support the convictions; and (3) He claims he was denied the effective representation of counsel.

Petitioner's first claim for relief must be dismissed. The claim challenges the state court's denial of a motion made pursuant to state law. Petitioner does not allege a violation of the Constitution or federal law. His claim concerns only the application of state law, and issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' ") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). It is beyond dispute that federal courts sitting in habeas do not hold a supervisory power over the courts of the several States. Sanchez-Llamas v. Oregon, 548 U.S. 331, 345 (2006). Therefore, the first claim for relief does not present a federal question and therefore must be dismissed.

Even if Petitioner were to amend his petition to frame the issue as a violation of his due process rights under the Constitution, habeas relief would be unavailable. Recently the Supreme Court addressed the issue of postconviction DNA testing in the case of Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52 (2009). In Osborne, the petitioner sought postconviction DNA evidence pursuant to an Alaska postconviction statute. Id. at 59. The Alaska state courts rejected the petitioner's requests finding no basis in Supreme Court precedents for recognizing a federal constitutional right to DNA evidence. Id. The Supreme Court agreed and held that there is no

substantive due process right to DNA evidence postconviction.  Id. at 72-73.  Since there is no such federal constitutional right, Petitioner cannot demonstrate that the state court rejection of his motion was unreasonable under 28 U.S.C. § 2254(d).  Therefore, the claim must be dismissed with prejudice.

Petitioner's second and third claims for relief are completely conclusory and unsupported by any evidence.  "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."  James v. Borg, 24 F.3d 20, 29 (9th Cir.1994); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) (holding that conclusory allegations made with no reference to the record or any document do not merit habeas relief); Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970) (Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.); Campbell v. Wood,18 F.3d 662, 679 (9th Cir.1994) (citing Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir.1970)) ("An evidentiary hearing is not required on allegations that are "conclusory and wholly devoid of specifics."').  Notice pleading is insufficient; the petitioner must state sufficient facts.  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990) (citing Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  The claims must be dismissed. Nevertheless, as to these two claims, tenable claims for relief could be presented if Petitioner amended his petition to include facts, arguments, and citations to the record in support of his claims.  Thus, Petitioner will be granted the opportunity to file a first amended petition to set forth proper claims for relief.  Petitioner is advised that he must reference the instant case number and designate his petition as a "First Amended Petition."  Petitioner is forewarned that failure to comply with this order will result in dismissal of the action.

///
///
///
///
///
///
///
///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Ground One of the petition is DISMISSED WITH PREJUDICE;

2) Grounds Two and Three of the petition are DISMISSED with leave to amend; and

3) Petitioner is GRANTED thirty (30) days to file a First Amended Petition.

IT IS SO ORDERED.

Dated: __**July 22, 2013**__              _____/s/ Gary S. Austin_____
                                                             UNITED STATES MAGISTRATE JUDGE